IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


CYNTHIA A. BERRY                                                    PLAINTIFF


        v.                    CIVIL NO. 5:17-CV-5041


NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                      DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Cynthia A. Berry, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on May 18, 2009, alleging an inability to work since December 17, 2008, due to degenerative disc disease, deafness, inflamed fifth cranial nerve, and depression. (Tr. 140). For DIB purposes, Plaintiff maintained insured status through December 31, 2012. (Tr. 14). An administrative hearing was held on July 9, 2010, where Plaintiff appeared with counsel and testified. (Tr. 27-46). The ALJ issued

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

a written opinion dated November 1, 2010, where he found that the Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 22). Plaintiff subsequently appealed the decision to the Appeals Council, who declined to reverse the decision. (Tr. 1-5). Plaintiff appealed the decision to the United States District Court for the Western District of Arkansas on September 12, 2011.

On November 16, 2010, Plaintiff filed a subsequent application for DIB, which was denied by hearing decision issued on May 18, 2012. (Tr.736-745). Plaintiff appealed the decision to the Appeals Council, and on February 8, 2013, the Appeals Council declined review. (Tr. 757). The United States District Court reversed and remanded for further proceedings on January 15, 2013. (Tr. 750-756). On February 20, 2013, the Appeals Council remanded the case back to the Administrative Law Judge following the District Court's remand. (Tr. 763).

On July 18, 2013, a hearing was held at which Plaintiff appeared with counsel and testified. (Tr. 671-691). Larry Seifert, Vocational Expert (VE), also testified. (Tr. 691-695). In a written opinion dated August 7, 2013, the ALJ found that Plaintiff had the following severe impairments: Musculoskeletal Disorder (back impairment), Respiratory Disorder (Chronic Obstructive Pulmonary Disease, COPD with sleep apnea), Hearing Disorder (diminished hearing), Neurological Disorder (headaches), Obesity, Mental Disorder (mood disorder-depression), and Mental Disorder (mood disorder - anxiety). (Tr. 654). However, after reviewing the evidence in its entirety, the ALJ determined that the Plaintiff's impairments did not meet or equal the level of severity of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). (Tr. 655). The ALJ found Plaintiff retained

the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), except as follows:

> The claimant can frequently lift and/or carry less than ten pounds and occasionally ten pounds, sit for a total of six hours in an eight hour workday, and occasionally crouch, kneel, and crawl. The claimant can frequently handle and finger. The claimant must avoid constant exposure to pulmonary irritants. The claimant is able to avoid normal workplace hazards, but should not be exposed to loud noise due to hearing. The claimant is able to perform work where the supervision is simple, direct, and concrete.

(Tr. 658). With the help of VE testimony, the ALJ determined that Plaintiff was unable to perform her past relevant work as a customer service representative. (Tr. 662). However, based on the Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff was capable of work as a document preparer, an addressing clerk, and a production worker. (Tr. 663). Ultimately, the ALJ concluded that the Plaintiff had not been under a disability within the meaning of the Social Security Act during the relevant time period of December 17, 2008, the alleged onset date, through December 31, 2012, the date last insured. (Tr. 663).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 30, 2016. (Tr. 640-645). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 27th day of August, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE